## SHELL PIPE LINE CORPORATION v. BEVANS.

### No. 6163.

Circuit Court of Appeals, Fifth Circuit.
Dec. 18, 1931.

Cyrus S. Gentry, of Houston, Tex., R. H. Whilden, of Dallas, Tex., and Samuel M. Watson, of St. Louis, Mo., for appellant.

L. J. Wardlaw, of Fort Worth, Tex., and James Cornell, of San Angelo, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Harold Bevans recovered judgment against Shell Pipe Line Corporation for $3,500 damages done to sheep and cattle in laying a pipe line across his pasture. The corporation appeals. The declaration alleged that Bevans owned and leased 34,000 acres of land, 9,000 acres of which including the leased land was in a single pasture wherein were ranging from November, 1928, to May 1, 1929, certain cattle and sheep; that the Pipe Line Corporation without his consent, entered upon and constructed a pipe line 3¼ miles across the pasture, negligently leaving unburied for more than fifty days a continuously welded line of pipe, and exploding dynamite and leaving a ditch open for more than fifteen days, in consequence of which the cattle and sheep were terrified, cut off from water, kept from grazing, and deteriorated in flesh, and the cows did not drop by ten per cent. as many calves as they otherwise would have. We find the evidence of injury attributable to the operations of the defendant very weak. So far as water is concerned, besides a watering place about a quarter of a mile from the pipe line which the cattle may have been kept from using, there was one two miles north and one two miles south of it, which they could use on whichever side of the line they were. If grass was so abundant as claimed, they could not have suffered from want of that on either side while operations were active. They could go and were driven from one side to the other at will. The route was surveyed in January with no possible injurious results. The line was cleared off February 1st, 2d and 3d. The pipes were laid on top of the ground February 4th and 5th, and welded together February 6th to 12th, being let into the ground and leveled over for a space of sixty feet every quarter mile for the animals to cross. A ditch 18 inches wide and 30 inches deep was dug along the pipe and the pipe put into it and covered between March 24th and April 4th, during part of which time dynamite was exploded at noon and evening in blasting rock. No one testified to the cattle being terrified or refusing to eat or drink, and several testified to the contrary. The claim that the calves conceived the summer before and due to be dropped during this period were fewer because of

these operations seems far-fetched, since no abortions are testified to. In fixing the damages, the plaintiff, over objection that the jury's province was thereby invaded, was allowed to testify that "the sheep were worth three dollars and the cows at least six or seven dollars less in the condition they were in when the Company quit operating than the condition they would have been in if they (the Corporation) had not gone through there." Thus the plaintiff was permitted not only to testify to an opinion as to a deterioration in value, but also that the deterioration was wholly due to the operations of the defendant. This latter was a main issue before the jury, and to be solved by the established facts and not by the opinion of the plaintiff. We think the right to recover serious damages so doubtful under the evidence that the error pointed out should cause a reversal. Reversed and remanded for further proceedings not inconsistent with this opinion.